**COMMONWEALTH OF VIRGINIA, et al., Petitioners,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

**State of Connecticut, et al., Intervenors.**

**Nos. 95–1163, 95–1177 and 95–1180.**

United States Court of Appeals, District of Columbia Circuit.

June 10, 1997.

Before WILLIAMS, RANDOLPH, and ROGERS, Circuit Judges.

## *O R D E R*

PER CURIAM:

Upon consideration of respondent's petition for partial rehearing as to remedy, filed April 25, 1997, and the responses thereto, it is

**ORDERED** that the petition be granted for the reasons set forth in the attached opinion of the Court.

PER CURIAM:

 In *Commonwealth of Virginia v. EPA*, 108 F.3d 1397 (D.C.Cir.1997), we vacated EPA's final rule (60 Fed.Reg. 4712 (1995)) imposing vehicle emission standards on the northeastern states on the grounds that the rule violated sections 177 and 202 of the Clean Air Act ("the Act"), 42 U.S.C. §§ 7507 & 7521. EPA now asks us to reconsider our decision insofar as it struck down the final rule in its entirety. A portion of the rule, the agency claims, should be reinstated—the portion, that is, dealing with the determination of model years of vehicles for states voluntarily choosing to adopt restrictive vehicle emission standards pursuant to section 177 of the Act.

The primary subject of the final rule, and the only aspect of the rule addressed in our decision, was EPA's requirement (codified at 40 C.F.R. Pts. 51 and 52) that states cure the inadequacy in their state implementation plans by submitting revisions adopting the Ozone Transport Commission Low Emission Vehicle program. The final rule contained another provision not mentioned in any of the briefs and which, accordingly, our earlier opinion did not address: the "Determination of Model Year" section, codified at 40 C.F.R. Pt. 85. EPA argues that the Part 85 model-year provisions are completely severable from the remainder of EPA's final rule, and have importance beyond the particular Low Emission Vehicle program at issue in our earlier opinion.

One of the petitioners, the Commonwealth of Virginia, does not oppose EPA's request. The other petitioners, who are associations of automobile manufacturers and dealers, object despite their agreement that "the model year rulemaking constituted a distinct and minor portion of the overall rulemaking docket." Response of Petitioners AAMA, AIAM and NADA to EPA's Petition for Partial Rehearing at 2 (May 15, 1997). Their point is that the model-year provisions are offensive for reasons they gave in comments against EPA's proposed rule. Since these petitioners did not seek judicial review of the final model-year provisions on the grounds they now advance, we cannot consider their arguments. *Cf. Rollins Envtl. Servs., Inc. v. EPA*, 937 F.2d 649, 652–53 n. 2 (D.C.Cir.1991).

We agree with EPA that reinstating Part 85 of the final rule will not affect the substance of our ruling in this case. The model-year provisions correct what have been, because of the absence of EPA regulations, differing judicial interpretations of "model year." *See Motor Vehicle Mfrs. Ass'n v. New York Dep't of Envtl. Conservation*, 17 F.3d 521, 534–35 (2d Cir.1994); *American Auto. Mfrs. Ass'n v. Mass. Dept. of Envtl. Protection*, 31 F.3d 18, 24–26 (1st Cir.1994). Those provisions became appropriate after states such as New York (as in the Second Circuit case) and Massachusetts (as in the First Circuit case) voluntarily chose to adopt the restrictive California vehicle-emission-standards. We have no reason to doubt that EPA would have enacted the model-year provisions even if it had not ordered the low-emission-vehicle program. *See Davis County Solid Waste Mgmt. v. EPA*, 108 F.3d 1454, 1459 (D.C.Cir.1997). Since severance of the model-year provisions will not give rise to the

constitutional or statutory issues we identified in our opinion, and since there is no indication that the model-year provisions "would not have been passed but for the inclusion" of the low-emission-vehicle program we struck down, the model-year provisions are severable. *Id.* at 1460 (quoting *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 294, 108 S.Ct. 1811, 1819, 100 L.Ed.2d 313 (1988)).

We therefore grant EPA's petition for rehearing and accordingly modify our initial decision so that Part 85 of EPA's final rule shall not be vacated.

*So ordered.*